IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Keith M. O'Neal, Sr.,  :

    Petitioner  :  Civil Action 2:10-cv-01113

v.  :  Judge Graham

Warden, Ross Correctional Institution,  :  Magistrate Judge Abel

    Respondent  :

# Order and
# Report and Recommendation

This matter is before the Magistrate Judge on petitioner Keith M. O'Neil, Sr.'s March 24, 2011 motions to amend his writ of habeas corpus (doc. 9) and to stay his writ of habeas corpus petition (doc. 10).

On December 10, 2010, O'Neal filed a petition for writ of habeas corpus asserting that he is being held in violation of the Constitution, laws, or treaties of the United States on the following grounds:

1. The appellant was convicted from a defective indictment that did not allege every element of the offence of aggravated robbery.

2. The conviction was based upon insufficient evidence.

3. The guilty verdict was against the manifest weight of evidence.

4. The jury instructions did not instruct on every element of the charge for aggravated burglary.

1

5.  The trial court took judicial notice of the identity of the appellant as the perpetrator of the offense.

6.  Petitioner had ineffective assistance of counsel.

7.  All of the foregoing errors combined amounted to cumulative errors.

8.  Petitioner has been subjected to double jeopardy.

9.  Petitioner had ineffective assistance of counsel on appeal.

10. The trial court lacked subject matter jurisdiction.

*See* doc. 2.

Petitioner now seeks to amend his previous writ of habeas corpus to include two additional claims that are now pending in the Muskingum County Court of Common Pleas. On June 25, 2010, petitioner filed a motion to correct invalid sentence, and on October 4, 2010, petitioner filed a motion to vacate conviction and sentence. Petitioner also requests that this Court stay his habeas corpus petition to permit him to exhaust his state law remedies with respect to his claims proceeding in state court. Petitioner maintains that he had to file his writ in federal court before the pending state claims were resolved or his exhausted claims would have been time barred.

Respondent argues that O'Neal's motions to amend his petition and stay proceedings should be denied because he has failed to set forth a constitutional claim with respect to his sentence and because he could have raised his additional claims in his original petition. Respondent maintains that O'Neal wishes to add claims to his federal petition asserting that the state court erroneously sentenced him pursuant to a

state statutory requirement. Respondent argues that petitioner's proposed grounds are not cognizable under federal habeas law because, absent a violation of the Eight Amendment's prohibition on cruel and unusual punishment, sentencing is typically the province of the state courts. Ordinary challenges to a sentence do not raise federal constitutional concerns.

Discussion. Under 28 U.S.C. § 2242 an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Fed. R. Civ. P. 15(a)(1) permits a party to amend a pleading once as a matter of course within twenty-one days of serving the pleading, or within twenty-one days after a responsive pleading is served. On December 10, 2010, petitioner filed his petition for writ of habeas corpus. On March 18, 2011, respondent filed his return of writ. On March 24, 2001, petitioner filed his motion to amend his petition. Because O'Neal filed his motion to amend within 21 days after service of the responsive pleading, O'Neal may amend his complaint without requiring leave of Court. As a result, petitioner's March 24, 2011 motion to amend his writ of habeas corpus (doc. 9) is GRANTED.

Amendment of O'Neal's petition creates a "mixed petition," that is a petition that presents both exhausted and unexhausted habeas corpus claims. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a

3

claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

Petitioner concedes that his newly amended claims have not been exhausted; as a result, he seeks a stay of this action to allow him to exhaust his state court remedies. The record, however, fails to reflect that a stay of proceedings would be appropriate. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held,

> [A] stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id*. at 277. The record provides no basis to conclude that petitioner's claims are potentially meritorious. In his June 25, 2010 motion to correct invalid sentence, petitioner argues that his current sentence is invalid because the jury forms did not support the sentence imposed by the trial court. According to petitioner, Ohio Revised Code § 2945.75(A)(2) requires the jury verdict forms to state the degree of the offense to which the defendant has been found guilty or to state the additional elements present to

4

justify sentencing the defendant a greater degree than that of the offense charge. *See* doc. 8-4 at 84-87. In his October 4, 2010 motion to vacate conviction and sentence, petitioner also argues that the jury verdict forms failed to meet the statutory requirements of Ohio Revised Code § 2945.75(A)(2) resulting in the violation of his rights under the Fifth and Fourteenth Amendments. *See* doc. 8-4 at 95-97.

Petitioner's objections to the trial court's alleged errors of state law are errors for which "federal habeas corpus relief does not lie." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 (1991). To be cognizable in federal habeas corpus, there must be constitutional errors that were material to the outcome of the case and resulted in a denial of fundamental fairness to the petitioner. *Jameson v. Wainwright*, 719 F.2d 959 (6th Cir. 1983). Habeas relief cannot be granted merely because an instruction deviates from the standard state law jury instructions or even if the instruction is "allegedly incorrect under state law." 502 U.S. at 71–72. The only question for the court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. at 72 (quotation marks omitted). Furthermore, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law," *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

Here, petitioner has not identified any material errors. Even if the jury forms failed to meet the statutory requirements of Ohio Revised Code § 2945.75(A)(2), the alleged error did result in a denial of fundamental fairness to petitioner.

5

Consequently, the Magistrate Judge RECOMMENDS that this action be DISMISSED without prejudice as unexhausted. Petitioner may attempt to exhaust his claims in the State court with respect to his claims to correct invalid sentence and to vacate his conviction and sentence. Alternatively, Petitioner alternatively may delete and withdraw his unexhausted claims of to correct invalid sentence and to vacate his conviction and sentence and proceed on his remaining claims by notifying the Court of this intention within FOURTEEN (14) DAYS of the date of this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge
