IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keith M. O'Neal, Sr., | : | |
|     Petitioner | : | Civil Action 2:10-cv-01113 |
| v. | : | Judge Graham |
| Warden, Ross Correctional Institution, | : | Magistrate Judge Abel |
|     Respondent | : | |

## Order

On January 13, 2012, this court entered an order adopting the report and recommendation of the Magistrate Judge (Doc. 15) which recommended that this action be dismissed without prejudice for failure to exhaust state remedies, and further recommended the denial of petitioner's motion for a stay (Doc. 10).  On January 19, 2012, petitioner filed a motion for reconsideration of that order, claiming that he never received the report and recommendation.  Petitioner was permitted additional time to file objections to the report and recommendation.  On February 13, 2012, petitioner filed a second motion for reconsideration. arguing that the Magistrate Judge erred in recommending the denial of his motion to stay this action while he exhausts his claims in state court.  Petitioner maintains that he should be granted a stay because he is not familiar with court procedure and he does not have the freedom necessary or expertise needed.  He also contends that the prison law library is often unavailable without notice.

1

On December 15, 2011, the Magistrate Judge granted petitioner's motion to amend his petition to include two additional claims pending in the Muskingum County Court of Common Pleas. On June 25, 2010, petitioner filed a motion to correct invalid sentence, and on October 4, 2010, petitioner filed a motion to vacate conviction and sentence. *See* doc. 15. Amendment of O'Neal's petition created a "mixed petition," that is a petition that presents both exhausted and unexhausted habeas corpus claims. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. Petitioner, however, sought a stay of this action to allow him to exhaust his state court remedies.

The Magistrate Judge correctly concluded that a stay of the proceedings would not be appropriate. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held,

> [A] stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28

2

> U.S.C. § 2254(b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

The record provides no basis to conclude that petitioner's claims are potentially meritorious. In his June 25, 2010, motion to correct invalid sentence, petitioner argues that his current sentence is invalid because the jury forms did not support the sentence imposed by the trial court. According to petitioner, Ohio Revised Code § 2945.75(A)(2) requires the jury verdict forms to state the degree of the offense to which the defendant has been found guilty or to state the additional elements present to justify sentencing the defendant a greater degree than that of the offense charge. *See* doc. 8-4 at 84-87. In his October 4, 2010, motion to vacate conviction and sentence, petitioner also argues that the jury verdict forms failed to meet the statutory requirements of Ohio Revised Code § 2945.75(A)(2) resulting in the violation of his rights under the Fifth and Fourteenth Amendments. *See* doc. 8-4 at 95-97.

Petitioner's objections to the trial court's alleged errors of state law are errors for which "federal habeas corpus relief does not lie." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 (1991). To be cognizable in federal habeas corpus, there must be constitutional errors that were material to the outcome of the case and resulted in a denial of fundamental fairness to the petitioner. *Jameson v. Wainwright*, 719 F.2d 959 (6th Cir. 1983). Habeas relief cannot be granted merely because an instruction deviates from the standard state law jury instructions or even if the instruction is "allegedly incorrect under state law." 502 U.S. at 71–72. The only question for the court is "whether the ailing instruction by

itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quotation marks omitted).  Furthermore, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law," *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).  Here, petitioner has not identified any material errors.  Even if the jury forms failed to meet the statutory requirements of Ohio Revised Code § 2945.75(A)(2), the alleged error did result in a denial of fundamental fairness to petitioner.

After considering the arguments made in petitioner's motions for reconsideration, the court reaffirms its previous adoption of the Report and Recommendation.  The court also concludes that the previous order dismissing this action without prejudice due to petitioner's failure to exhaust all of his state remedies and denying a stay was correct.  Petitioner's motions for reconsideration (Docs. 18 and 22) are hereby denied, and the court reaffirms the previous dismissal of the above action without prejudice.


Date: February 22, 2012  	      s/James L. Graham  
	James L. Graham  
	United States District Judge

4